NOT FOR PUBLICATION (Docket No. 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
MICHELLE MASON and :
MARY ELLEN JORDAN, :
:
Plaintiffs, :
:
v. : Civil No. 08-2404 (RBK)
: **OPINION**
THERICS, INC. and :
TREDEGAR CORP., :
:
Defendants. :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Tredegar Corp. ("Tredegar") to dismiss the Complaint of Plaintiffs Michelle Mason and Mary Ellen Jordan (collectively "Plaintiffs") for (1) lack of personal jurisdiction due to insufficient service of process and (2) failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court will grant Tredegar's motion.

**I.    BACKGROUND**

Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, on February 21, 2008. Tredegar filed notice of removal in this Court on May 14, 2008 and upon order of this Court filed an amended notice of removal on June 2, 2008.

Plaintiff's Complaint makes allegations in connection with Incentive Stock Option Agreements between each Plaintiff individually and Defendant Therics, Plaintiffs' former

1

employer. Therics was, but is no longer, a subsidiary of Tredegar.

On April 16, 2008, a copy of the summons and Complaint was delivered to H. Randy Smith, an employee of Tredegar Film Products Corp. which is a subsidiary of Defendant Tredegar, at Smith's home.

On June 2, 2008, Tredegar filed the instant motion to dismiss Plaintiff's claims against it, contending that Plaintiffs failed to effect proper service of process upon Tredegar and failed to state a claim against Tredegar upon which relief may be granted.

On July 17, 2008, a copy of the summons and Complaint was served at Tredegar's Corporate Headquarters in Richmond, VA.

On July 22, 2008, Plaintiffs responded to Tredegar's motion to dismiss, asserting that any service deficiencies had been or were then being corrected and responding to Tredegar's substantive claim in its motion to dismiss.

## II.     MOTION TO DISMISS STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn from them, as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

In addition, a Complaint may be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficiency of process) and 12(b)(5)

(insufficiency of service of process).  If the plaintiff does not properly serve the defendants with a copy of the summons and complaint, and the plaintiff does not effectuate a valid waiver of service in accordance with Federal Rule of Civil Procedure 4, the district court may dismiss the case for lack of jurisdiction over the defendants.  See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (finding that where defendant is improperly served, district court lacks jurisdiction over defendant regardless of whether defendant had actual notice of lawsuit); Eastman Kodak Co. v. Studiengesellschaft Kohle mbH, 392 F.Supp. 1152, 1154 (D.Del. 1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it.")

**III.    DISCUSSION**

In its motion to dismiss, Tredegar argues that Plaintiffs' Complaint should be dismissed for two reasons.  First, Tredegar alleges that it was never properly served with a copy of the summons and Complaint, and therefore, the Court lacks personal jurisdiction over Tredegar.  Second, Tredegar contends that the allegations against it fail to state a claim upon which relief can be granted.

Tredegar argues that in its June 2, 2008 motion, Plaintiffs' service of process was insufficient, as Plaintiffs had served the summons and Complaint on an employee of a Tredegar subsidiary who is not authorized to accept service on behalf of Tredegar.

New Jersey Civil Practice Rule 4:4-5 requires personal service on a defendant outside the state of New Jersey.  Further, Rule 4:4-4(a)(6) provides that for service to be proper on a corporation, it is to be served upon an:

> officer, director, trustee or managing or general agent, or any person authorized by

3

> appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties . . . .

If proper service of a summons and Complaint is not made within 120 days of filing the complaint, the action is subject to dismissal, without prejudice, or the Court may "direct that service be effected within a specified time . . . ." Fed.R.Civ.P. 4(m). Prior to dismissing a suit pursuant to Rule 4(m), however, the Court should determine whether good cause exists for granting an extension of time to effectuate proper service. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (citing Petrucelli, 46 F.3d at 1312). Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiffs' efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiffs moved for an enlargement of time to serve. Id. (citing the three factors but noting that although prejudice to the defendant is a consideration, the "absence of prejudice alone can never constitute good cause to excuse late service"). In addition, the burden of establishing good cause rests with the Plaintiffs. Parker v. John Doe # 1, No. Civ. A. 02-CV-7215, 2003 WL 21294962, at *2 (E.D.Pa. Jan.21, 2003).

Based upon these principles, Plaintiffs' failure to effectuate proper service appears unreasonable under the circumstances. According to Tredegar's memorandum, Plaintiffs

4

retained a process server to deliver a copy of the summons and Complaint to H. Randy Smith, an employee of a Tredegar subsidiary, at his home in Stow, Ohio. Smith, who is not an officer, director, trustee, nor managing or general agent of Tredegar, is not authorized to accept service on behalf of Tredegar. Nor is Smith located in the registered office of principal place of business of Tredegar.

Smith advised Tredegar that this action had been filed against it. Tredegar's counsel represents that it has been in communication with Plaintiffs' counsel, but even counsel was not provided with a copy of the summons and Complaint. Only well after Tredegar's motion to dismiss did Plaintiffs' effect service on Tredegar's corporate headquarters on July 17, 2008. The 120 day period for effectuating timely service had by then passed, as Plaintiffs filed their Complaint on February 21, 2008. Moreover, Plaintiffs have not requested from this Court an enlargement of time to serve.

Plaintiffs did not timely respond to Tredegar's motion to dismiss. Although the Court need not consider Plaintiffs' untimely filing, it appears to the Court that Plaintiffs failed to provide the Court any reasons for their failure to effectuate timely service. Accordingly, this Court finds that Plaintiffs failed to meet their burden of demonstrating good cause for the failure to effectuate service on Tredegar. The Complaint will be dismissed as to Tredegar pursuant to Rule 4(m).

In terms of the other defendant in this matter, the Court may sua sponte raise the issue of improper service of process. See Fed.R.Civ.P. 4(m); Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. 1991). Because there is no evidence of proper service on any of the current defendants in the record, the Court will issue an Order directing Plaintiffs to submit proof of proper service

as to all other defendants in this matter, under pain of dismissal.

Because of the Court's dismissal of the claims against Tredegar on insufficient service grounds, the Court will not consider Tredegar's motion to dismiss for Plaintiffs' failure to state a claim.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' Complaint is **GRANTED** without prejudice.  The accompanying Order shall issue today.


Dated:     1-6-09                              /s/ Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge