NOT FOR PUBLICATION                                                                  (Docket Nos. 19, 22)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                            :
MICHELLE MASON and                          :
MARY ELLEN JORDAN,                          :
                                            :
            Plaintiffs,                     :        Civil No. 08-2404 (RBK/AMD)
                                            :
      v.                                    :        **OPINION**
                                            :
THERICS, INC. and                           :
TREDEGAR CORP.,                             :
                                            :
            Defendants.                     :
_____:

This matter comes before the Court upon a motion by Plaintiffs Michelle Mason and Mary Ellen Jordan (collectively, "Plaintiffs") for reconsideration and upon a motion by Defendant Tredegar Corporation ("Tredegar") to strike Plaintiffs' reply brief in further support of the motion for reconsideration.[1]  For the reasons expressed below, Tredegar's motion to strike will be granted, and Plaintiffs' motion for reconsideration will be denied.

**I.      BACKGROUND**

On February 21, 2008, Plaintiffs filed a Complaint against Defendants Therics, Inc. and

---

[1] Tredegar also asks the Court to award the attorneys' fees and costs it incurred opposing Plaintiffs' the instant motion because Tredegar believes Plaintiffs' submissions have been "untimely, improper and meritless." (E.g., Def.'s Mot. to Strike at 3.)  Although Tredegar does not indicate the authority it purports to invoke, the Court construes Tredegar's request as one for sanctions under Federal Rule of Civil Procedure 11.  Amongst other things, Rule 11 requires a motion to "be made separately from any other motion . . . ." Fed. R. Civ. P. 11(c)(1); Spring Creek Holding Co. v. Keith, No. 02-376, 2006 WL 2715148, at *3 (D.N.J. Sept. 22, 2006). Because Tredegar has not filed a motion for sanctions separate from its motion to strike, the Court will deny Tredegar's request at this time.

the Tredegar Corporation in New Jersey Superior Court.  The Complaint makes allegations of breach of contract and fraud in connection with Incentive Stock Option Agreements between each Plaintiff individually and Defendant Therics, Plaintiffs' former employer.[2]  On May 14, 2008, Tredegar filed a notice of removal in this Court, and upon order of this Court, filed an amended notice on June 2, 2008.

Initially, on April 16, 2008, a copy of the summons and Complaint were delivered to H. Randy Smith, an employee of Tredegar Film Products Corp., which is a subsidiary of Defendant Tredegar, at Smith's home in Stow, Ohio.  On June 2, 2008, Tredegar moved to dismiss the Complaint based on improper service of process and, in the alternative, for failure to state a claim.  On July 17, 2008, Plaintiff served process on Tredegar at its corporate headquarters in Richmond, Virginia.  Belatedly, Plaintiffs responded to Tredegar's motion to dismiss on July 22, 2008, asserting, inter alia, that any service deficiencies had been or were then being corrected.

On January 6, 2009, this Court determined that Plaintiff had not properly served Tredegar within the 120-day period provided by Federal Rule of Civil Procedure 4(m).  The Court further determined that Plaintiffs' untimeliness was unreasonable under the circumstances.  Accordingly, the Court dismissed the Complaint without prejudice as to Tredegar and ordered Plaintiffs to submit proof of proper service as to Therics on or before January 20, 2009 under pain of dismissal.

The January 20, 2009 deadline came and went without proof of proper service on Therics.  As a result, the Court dismissed the Complaint against Therics without prejudice by order issued the following day, January 21, 2009.  Almost seven months later, on August 17, 2009, Plaintiffs

---

[2] Therics was, but is no longer, a subsidiary of Tredegar

2

filed the instant motion, asking the Court to reconsider its January 21, 2009 motion.[3]

## II.     STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). This rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). In order to prevail, the party moving for reconsideration must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on] the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Rule 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration

---

[3] In their papers, Plaintiffs explain that they intended their motion to also request reconsideration of the Court's January 6, 2009 Order.

motion, but should be dealt with in the normal appellate process." Church & Dwight Co., 545 F. Supp. 2d at 450 (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

## III.   DISCUSSION

Defendants urge the Court to deny Plaintiffs' motion for reconsideration on the following bases: (1) Plaintiffs' motion for reconsideration was untimely; (2) Plaintiffs failed to file a brief in support of their motion for reconsideration; (3) Plaintiffs' motion only requests reconsideration of the Court's January 21, 2009 Order, which did not address Tredegar; and (4) the substance of Plaintiffs' motion simply rehashes arguments this Court has previously rejected.

A motion for reconsideration must be served and filed within ten business days after entry of the order asserted to be in error. L.Civ.R. 7.1(i). On occasion, courts have relaxed the timeliness requirements where failure to do so would result in injustice. See L.Civ.R. 83.2(b); Small v. Am. West Airlines, Inc., No. 05-3793, 2007 WL 3231796, at *1 (D.N.J. Oct. 30, 2007).

Plaintiffs admit that their motion for reconsideration – filed nearly seven months after entry of the Court's January 2009 Orders – is untimely. This alone is a sufficient basis to deny Plaintiffs' motion. Garrison v. Porch, No.04-1114, 2008 WL 1744730, at *2 (D.N.J. Apr. 11, 2008) (citing United States ex rel. Malloy v. Telephonics Corp., 68 Fed. Appx. 270, 274 n.6 (3d Cir. 2003)); Wilder v. AT&T, No. 99-5667, 2008 WL 934413, at *1 (D.N.J. Apr. 1, 2008). Moreover, denial of Plaintiffs' motion will work no injustice. Plaintiffs justify their tardiness by noting that they "have been virtually in a state of shock as a result of the January 6 order." (Pls.' Reply Br. at 2.) This excuse strains credulity and is woefully inadequate to support the extreme relief requested. Failure to comply with mandatory time requirements has been the unifying

theme of this entire litigation. In fact, the Court is hard-pressed to identify <u>any</u> time-related rule with which Plaintiffs have complied. First, Plaintiffs failed to effectuate proper service of process within the time allotted by Federal Rule of Civil Procedure 4(m). Plaintiffs then failed to oppose Tredegar's motion to dismiss by the deadline established by Local Rule 7.1(d). Plaintiffs proceeded to violate the Court's January 6, 2009 Order to submit proof of proper service on Therics by January 20, 2009. In this light, Plaintiffs' instant tardiness is hardly surprising and does not warrant leniency.

Plaintiffs have also violated other aspects of Local Rule 7.1. First, Plaintiffs did not file a brief in support of their motion for reconsideration as required by Local Rule 7.1(i). This too is a sufficient basis for denying Plaintiff's motion. <u>See</u> <u>Antoine v. Rucker</u>, No. 03-3738, 2007 WL 1749961 (D.N.J. June 14, 2007). Second, Plaintiffs filed a reply brief without having requested or received leave of court in violation of Local Rule 7.1(d)(3). As a result, the Court will strike this brief from the docket. <u>See</u> <u>Houston v. Trella</u>, No. 04-1393, 2006 WL 3690296, at *1 n.1 (D.N.J. Dec. 13, 2006).[4]

Even if the Court were to decide Plaintiffs' motion for reconsideration on the merits, the Court would still deny the motion. Plaintiffs argue that the Court overlooked the fact that Plaintiffs properly served Tredegar at its Virginia headquarters before the Court's January Orders. This fact was not overlooked. <u>See</u> <u>Mason v. Therics</u>, No. 08-2404, 2009 WL 44743, at *1 (D.N.J. Jan. 6, 2009) ("On July 17, 2008, a copy of the summons and Complaint was served at Tredegar's Corporate Headquarters in Richmond, VA."). Rather, this fact was simply not

---

[4] Unsurprisingly, Plaintiffs also appear to have noticed the wrong motion day. <u>See</u> L.Civ.R. 7.1(c) and (d).

relevant to the Court's timeliness inquiry because the Court determined that Plaintiffs' 120 day window for proper service of process had already closed. See id. at *3 ("Only well after Tredegar's motion to dismiss did Plaintiffs' effect service on Tredegar's corporate headquarters on July 17, 2008. The 120-day period for effectuating timely service had by then passed, as Plaintiffs filed their Complaint on February 21, 2008.").

Plaintiffs also argue that the Court overlooked mitigating circumstances. This too is incorrect. As the Court has previously noted, Plaintiffs' opposition papers to Tredegar's motion to dismiss did not "provide the Court with any reasons for their failure to effectuate timely service." Id. Instead, Plaintiffs simply argued that the Court should excuse their late service out of deference to the adage "no harm, no foul." (See Pls.' Mem. of Law in Opposition to Def.'s Mot. to Dismiss at 3.) Nonetheless, the Court concluded that good cause did not exist to excuse Plaintiffs' tardiness because Plaintiffs (1) did not explain the reasons for their failure, (2) did not request an enlargement of time, and (3) did not provide Tredegar's counsel with a copy of the summons and Complaint, despite the open dialogue between the parties. See Mason, 2009 WL 44743, at *2-3.

Plaintiffs' counsel now attempts to justify his failure to timely serve by arguing that the fact that he served process on someone before the expiration of the 120-day period shows good faith. The Court implicitly rejected this argument in January of 2009, however, when it found that Plaintiffs' service of Mr. Smith – who worked for a different company in a state other than Tredegar's principal place of business – was unreasonable. Finally, Plaintiffs' counsel observes that he would have effectuated proper service on Defendants from the beginning had he not been on vacation at the time when service was effectuated. Simply put, the Court is not impressed.

6

Because the Court did not overlook dispositive fact or controlling law, and because its January 2009 Orders worked no injustice, the Court will deny Plaintiffs' motion for reconsideration.

**IV.     CONCLUSION**

For the reasons expressed above, Tredegar's motion to strike Plaintiffs' reply brief will be granted, and Plaintiffs' motion for reconsideration will be denied. An appropriate Order will be entered.


Dated: 1-12-2010                                              /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge